**IT IS ORDERED as set forth below:**



**Date: October 4, 2017**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| JARQUAEL DEMARIO DENNIS, | : | BANKRUPTCY CASE |
| | : | 17-61995-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| JARQUAEL DEMARIO DENNIS, | : | ADVERSARY PROCEEDING |
| | : | NO. 17-05200-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WOODCREST VILLAGE BH, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is the *Motion to Dismiss* (the "Motion"), filed by Woodcrest Village BH ("Defendant") (Doc. No. 6). The Motion arises in connection with a

complaint (hereinafter the "Complaint") filed by Jarquael Demario Dennis ("Plaintiff") asserting a claim for damages due to Defendant's alleged violation of 28 U.S.C. § 1446(d).

## PROCEDURAL HISTORY

Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on July 10, 2017 (the "Petition Date").[1] *See* Case No. 16-61995-LRC (Bankr. N.D. Ga.), Doc. No. 1 (the "Bankruptcy Case"). The Court dismissed the Bankruptcy Case for failure to pay the filing fee on July 26, 2017. *Id.*, Doc. No. 10

On July 28, 2017, Plaintiff filed the Complaint, which, liberally construed, asserts that Defendant violated 28 U.S.C. § 1446(d) by taking action in a dispossessory proceeding pending in state court while Plaintiff's appeal of an order remanding that proceeding to state court was still pending.

On August 29, 2017, Defendant filed the Motion, which seeks dismissal under Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12(b) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. As Plaintiff has not responded to the Motion, the

---

[1] The Court takes "judicial notice of the dockets and the content of the documents filed in the case[s] for the purpose of ascertaining the timing and status of events in the case[s] and facts not reasonably in dispute" and may do so without converting this motion to dismiss into a motion for summary judgment. *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, No. 13-20039-TLM, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed.R.Evid. 201, the Court takes judicial notice of its own dockets");*Thomas v. Alcon Labs*., 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)).

2

Motion is deemed unopposed.  *See* BLR 7007-1(c) ("Any party opposing a motion shall file and serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than 14 days after service of the motion, except that the time to respond to a motion for summary judgment shall be 21 days. Failure to file a response shall indicate no opposition to the motion.").

## CONCLUSIONS OF LAW

Defendant urges the Court to dismiss the Complaint for lack of subject matter jurisdiction.  A bankruptcy court's subject matter jurisdiction is limited to "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a); 28 U.S.C. § 1334(b). A proceeding "arising under" title 11 involves a substantive right created by the Bankruptcy Code. *See In re Toledo*, 170 F.3d 1340, 1344–45 (11th Cir. 1999).  A proceeding "arising in" a case under title 11 typically includes administrative matters that can only arise in a bankruptcy case. *Id*. Such matters constitute "core" proceedings. *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 787 (11th Cir. 1990). The Court may also hear and decide "noncore" matters that are "related to" the bankruptcy case, but may only submit proposed findings of fact and conclusions of law to the districts court in such matters. *See* 28 U.S.C. § 157(c)(1).

As Defendant notes, adversary proceedings are generally dismissed upon the dismissal of the main bankruptcy proceeding, but not necessarily because the bankruptcy court lacks subject matter jurisdiction, as "jurisdiction over an adversary proceeding is determined at the time the Complaint is filed, not some later time such as after the underlying bankruptcy has been dismissed." *In re Oxley Dev. Co., LLC*, 493 B.R. 275, 287 (Bankr. N.D. Ga. 2013) (Sacca, J.); *see also Fidelity & Deposit Co. of Md. V. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir. 1992) ("[T]he dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement."); *In re Rolsafe Int'l, LLC*, 477 B.R. 884, 895 (Bankr. M.D. Fla. 2012) ("Jurisdiction, however, is not determined with the benefit of hindsight or through a retroactive lens.").

In this case, however, the Bankruptcy Case had already been dismissed by the time Plaintiff filed the Complaint. Accordingly, the Court agrees with Defendant that the Court lacks jurisdiction over the claim raised in the Complaint, as it is not a claim that arises under Title 11 and cannot be a proceeding arising in or related to a bankruptcy case that did not exist at the time the Complaint was filed.

## CONCLUSION

For the reasons stated above, the Motion must be, and hereby, is **GRANTED**.

4

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to Rule 12(b)(1).

**END OF DOCUMENT**

**Distribution List**

Jarquael Dennis
624 Woodcrest Walk
Lithonia, GA 30058

Justin D. Kreindel
Fowler Hein Cheatwood & Williams, PA
Suite 220
2970 Clairmont Road
Atlanta, GA 30329